UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK GLOVER

        Plaintiffs,

v.

MARY JANE M. ELLIOTT P.C.

        Defendant.

Case No. 1:07-cv-648

HON. ROBERT HOLMES BELL

_____/

| WARNER LAW FIRM, LLC | MARY JANE M. ELLIOTT PC |
|---|---|
| Curtis C. Warner (P59915) | Mary Jane M. Elliott (P32732) |
| Millennium Park Plaza | Daniel Manion (P49904) |
| 151 N. Michigan Ave. 37th Floor | 24300 Karim Blvd. |
| Chicago, Illinois 60601 | Novi, Michigan 48375 |
| (312) 238-9820 (TEL) | (248) 306-2000 (TEL) |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

_____/

**PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S "AFFIRAMTIVE DEFENSES"**

      NOW COMES, Plaintiff Frank Glover ("Plaintiff") by and through his counsel Curtis C. Warner of Warner Law Firm, LLC, and motions this Honorable Court to strike Defendant Mary Jane M. Elliott, P.C.'s ("Elliott") eighteen purported "Affirmative Defenses."

      In support of this motion Plaintiffs state as follows:

      1.    Under Rule 12(f) this Court may strike, "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

      2.    Elliott violated Rule 11 as it admittedly failed to conduct any investigation into the truth of the facts alleged in the Complaint nor investigated whether its "Affirmative Defenses" had a basis in fact or law. (Dkt. 3, Elliott's "Affirmative Defenses", pp. 10-11 ¶ 17, Aug. 20, 2007).

      3.    Elliott's "Affirmative Defenses" are without merit including its patently frivolous assertion of its sixth "Affirmative Defense" which is contrary to binding Sixth Circuit case

law and its outrageous accusation in its thirteenth "Affirmative Defense" that Plaintiff and his counsel engaged in the unlicensed practice of law by filing this Complaint.

    4.    In compliance with Local Rule 7.1(d) Plaintiff's counsel attempted to obtain concurrence to this motion by the following:

    a.    September 4, 2007, voice message and follow up fax to Mr. Manion requesting for Defendant to "withdraw all of its 'affirmative defenses' as they are unfounded in either law or fact." A copy of the fax cover sheet is attached hereto as <u>Appendix 1</u>;

    b.    September 5, 2007, voice message and follow up fax to Mr. Manion requesting for Defendant to "withdraw all of its 'affirmative defenses' as they are unfounded in either law or fact." A copy of the fax cover sheet is attached hereto as <u>Appendix 2</u>;

    c.    September 6, 2007, phone conversation with Mr. Manion informing him that the "affirmative defenses" were unfounded in either law or fact. Counsel did not reach immediate resolution of the motion to strike; and

    d.    September 6, 2007, a follow up voice mail was left with Mr. Manion to contact Plaintiff's counsel regarding this matter, but no return call was made by Mr. Manion.

    5.    Elliott filed its answer to Plaintiff's Complaint on August 20, 2007, thereby requiring this motion to strike to be filed within 20 days thereof. FED. R. CIV. P. 12(f).

    6.    Plaintiff has attached a memorandum in support of this motion setting forth the basis of this motion to strike.

WHEREFORE, for the reasons cited in this motion and supporting memorandum Plaintiff requests this Honorable Court to strike all eighteen of Elliott's "Affirmative Defenses" and for any other relief this Court deems just and proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK GLOVER

        Plaintiffs,

v.

MARY JANE M. ELLIOTT P.C.

        Defendant.

Case No. 1:07-cv-648

HON. ROBERT HOLMES BELL

_____/

| WARNER LAW FIRM, LLC | MARY JANE M. ELLIOTT PC |
|---|---|
| Curtis C. Warner (P59915) | Mary Jane M. Elliott (P32732) |
| Millennium Park Plaza | Daniel Manion (P49904) |
| 151 N. Michigan Ave. 37th Floor | 24300 Karim Blvd. |
| Chicago, Illinois 60601 | Novi, Michigan 48375 |
| (312) 238-9820 (TEL) | (248) 306-2000 (TEL) |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

_____/

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S "AFFIRAMTIVE DEFENSES"**

**INTRODUCTION**

        Plaintiff Frank Glover ("Plaintiff") filed a two count Complaint against Defendant Mary Jane M. Elliott, P.C. ("Elliott") alleging violations of the Fair Debt Collection Practices Act ("FDCPA") § 1692e and state law based solely on the dunning letter attached to Plaintiff's Complaint as <u>Exhibit 1</u>.  It is clear that Elliott's "Affirmative Defenses" fail to comport with Rule 11 as Elliott admittedly failed to conduct any investigation into the allegations of the Complaint or the underlying facts and law of its "Affirmative Defenses."  Elliott's conduct in filing frivolous "Affirmative Defenses" including its sixth "Affirmative Defense" that is contrary to the plain language of the FDCPA and binding Sixth Circuit precedence violates Rule 11.

        Elliott's admission to its Rule 11 violation is stated in its seventeenth "Affirmative Defense" as follows:

> Defendant hereby gives notice to Plaintiff that it lacks sufficient knowledge or information to for a belief as to the truth or falsity of the allegations in the Complaint. Until Defendant avails itself of the right to discovery, they cannot determine whether the above stated Affirmative Defenses, or others, will be asserted at trial. These defenses, however, are asserted in their Answer and Affirmative Defenses in order to preserve Defendants' (sic) right to assert the Affirmative Defenses at trial and to give Plaintiff notice of Defendants' (sic) intention to assert defenses and to avoid waiver of any defense.

(Dkt. 3, Elliott's "Affirmative Defenses", pp. 10-11 ¶ 17, Aug. 20, 2007) hereinafter ("Affirmative Defenses").

## ELLIOTT'S "AFFIRMATIVE DEFENSES" SHOULD BE STRUCK

Under Rule 12(f) this Court may strike, "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under Rule 12(f) affirmative defenses may be struck if they are insufficient as a matter of law. *Smith v. Blue Ribbon Transp.,* Case No. 1:06-CV-234, 2007 U.S. Dist. LEXIS 19200 * 3 (W.D. Mich. Mar. 19, 2007) (*quoting Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)) ("[A]n affirmative defense is insufficient 'if, as a matter of law, the defense cannot succeed under any circumstances,' and a motion to strike is appropriate 'where it will eliminate spurious issues before trial and streamline the litigation'").

This Court has held that the FDCPA is a "strict liability statute." *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, No. 1:04-CV-733, 2005 U.S. Dist. LEXIS 32404 * 7 (W.D. Mich. Sept. 8, 2005) (Bell, J.) (*citing in part Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)) ("The FDCPA is extraordinarily broad and is treated as a strict liability statute in which a single violation is sufficient to establish liability"). The FDCPA explicitly sets forth two affirmative defenses that are the exception to strict liability: (1) 15 U.S.C. § 1692k(d) (one year statute of limitations); and (2) 15 U.S.C. § 1692k(c) (*bona fide* error). Under the statutory maxim *expressio unius est exclusio alterius*, the plain language of the FDCPA strongly suggests that Congress' creation of

affirmative defenses within the FDCPA were intended to exclude all others, *See e.g. TRW, Inc. v. Andrews*, 534 U.S. 19, 28 (2001), with the possible exception to those affirmative defenses expressly stated in Rule 8(c) that are not effected by the FDCPA's strict liability reading. *Cf. Astoria Fed. Savings & Loan Assn. v. Solimino*, 501 U.S. 104, 108 (1991) ("the courts may take it as given that Congress has legislated with an expectation that the principle will apply except when a statutory purpose to the contrary is evident").

The Sixth Circuit has stated that the *bona fide* error defense is only applicable to "clerical errors." *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992) (citations omitted). Intentional statements made by a debt collector are not protected by the *bona fide* error defense. *Dunaway v. JBC & Associates, Inc.*, Case No. 03-73597, 2005 WL 1529574 * 6 (E.D. Mich. Jun 20, 2005); 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was *not intentional. . .*") (emphasis added). None of Elliott's "Affirmative Defenses" are founded in either law or fact, nor did Elliott admittedly investigate this point, (Affirmative Defenses, pp. 10-11 ¶ 17), and as such they should be struck.

**"Affirmative Defense" No. 1**

Instead of filing a Rule 12(6) motion, "failure to state a claim upon which relief can be granted[,]" FED. R. CIV. P. 12(b)(6), Elliott's first "Affirmative Defense" is that "Plaintiff's Complaint, in each of it's (sic) counts, fails to state a claim upon which relief can be granted." (Affirmative Defenses, p. 9 ¶ 1). While Elliott has admittedly not done any investigation to Plaintiff's claims, Elliott's rational for including this first "Affirmative Defense" is, "to preserve Defendants' (sic) right to assert the Affirmative Defenses at trial and to give Plaintiff notice of Defendants' (sic) intention to assert defenses and to avoid waiver of any defense[,]" (Affirmative Defenses, p. 10-11 ¶ 17). Elliott's rationale is without merit as Rule 12(h)(2) clearly provides that,

6

"A defense of failure to state a claim upon which relief can be granted . . . may be made . . . by motion for judgment on the pleadings, or at trial on the merits." FED. R. CIV. P. 12(h)(2). Because, Elliott has admittedly not done any investigation into Plaintiff's claims and its defense is preserved under Rule 12(h)(2) Elliott's first "Affirmative Defense" should be struck at this time.

**"Affirmative Defense" No. 2**

Plaintiff's Complaint under the FDCPA is solely based upon the letter attached to the Complaint as Exhibit 1. However, "Affirmative Defense" number 2 alleges, "Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations." (Affirmative Defenses, p. 9 ¶ 2). "An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff's claim is based upon the dunning letter dated "March 15, 2007". (Complt Ex. 1; Complt. ¶ 11; Dkt. 3; Def. Answer ¶ 11). The Complaint was filed on July 9, 2007, well within the one-year statute of limitations. As such, Elliott's second "Affirmative Defense" is frivolous.

**"Affirmative Defense" No. 3**

Elliott, admittedly without any investigation, states as it thrid "Affirmative Defense" that, "Plaintiff has failed to mitigate his damages." Elliott's violation of the FDCPA was concluded as soon as it sent the subject letter to Plaintiff. *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, 387 F. Supp. 2d 752, 754 (W.D. Mich. 2005) (Bell, J.) (finding liability under the FDCPA was triggered in the filing of a false affidavit in support of a default judgment prove-up as the attorney's conduct "was independent of and complete prior to the state court taking any action"); *see Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (statute of limitations begins to run on the FDCPA violation contained in the pleadings upon the filing of the state court complaint).

As stated above, the failure to mitigate damages is not a true "Affirmative Defense" recognized by Congress as it does not appear within the text of the FDCPA. Instead, Congress has

7

instructed the courts to take into consideration "relevant factors" in making a determination as to the amount of liability to be imposed against a collector. 15 U.S.C. §§ 1692k(b),(b)(1). Therefore, Elliott's second "Affirmative Defense" should be struck.

**"Affirmative Defense" No. 4**

Plaintiff alleges that Elliott's letter, Exhibit 1, attached to the Complaint is false and deceptive as it implies that legal activity is ongoing when in fact Elliott had not filed suit against Plaintiff at the time Exhibit 1 was sent to him. (See Complt. ¶¶ 19, 24, 32). "Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action." *Kitchen-Bey v. Hoskins*, Case No. 2:06-cv-251, 2006 U.S. Dist. LEXIS 87409 * 10 (W.D. Mich. Dec. 4, 2006) (*citing Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). "In Michigan, claim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Crossroads Media, LLC v. Village of Baldwin*, 2007 U.S. Dist. LEXIS 17533 * 12 (*citing Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 785 (6th Cir. 2004) (*quoting Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (2004)). Here, Elliott knows that there has not been any previous litigation of Plaintiff's FDCPA claims against Elliott in any other court. As such, Elliott's "Affirmative Defense" is frivolous.

Even if Elliott had filed suit on the underlying contract between Plaintiff and his creditor, his claims against Elliott would not be barred by res judicata as an FDCPA action and a state court contract action are independent of each other. *Anderson v. Gamache & Meyers, P.C.*, Case No. 4:07CV336MLM, 2007 U.S. Dist. LEXIS 39446 * 18-19 (E.D. Mo. May 31, 2007) (rejecting the defendant's res judicata argument); *See also Stolicker*, 2006 U.S. Dist. LEXIS 85329 * 3 (W.D. Mich.

8

Nov. 26, 2006) (state court contract claim and an FDCPA claim in federal court are independent actions); *Foster v. D.B.S. Collection Agency,* 463 F.Supp.2d 783 (S.D. Ohio 2006); *Senftle v. Landua* 390 F.Supp.2d 463, 469 (D. Md. 2005) (same); *Chavez v. Bowman, Heintz, Bocia & Vician*, 07 C 670, 2007 U.S. Dist. LEXIS 61936 (N.D. Ill. Aug. 22, 2007) (same); *Mascoll v. Strumpf,* 2006 WL 2795175, 2006 U.S. Dist. LEXIS 69061 (E.D.N.Y. Sept. 25, 2006) (same); *Wyles v. Excalibur I, LLC,* 2006 WL 2583200 (D. Minn. Sept. 7, 2006) (same). As such, Elliott's fourth "Affirmative Defense" should be struck.

**"Affirmative Defenses" No. 5, 9, 14 and 15**

Elliott's fifth "Affirmative Defense" states that estopple and "[a]ll or some [not knowing or indicating which one of the two] claims asserted against Defendant are barred by waiver. . . ." (Affirmative Defenses, p. 10 ¶ 5). Its ninth "Affirmative Defense" is patently frivolous as even though its admits to sending Plaintiff the letter, it claims that the violation of law and his damage is due to "others" and "Plaintiff." (Affirmative Defenses, p. 10 ¶ 9). Elliott's fourteenth "Affirmative Defense" states that, "Defendant is entitled to set-off." (Affirmative Defenses, p. 10 ¶ 14). Finally, Elliott's fifteenth "Affirmative Defense" claims that, "Plaintiff's claims are barred due to impossibility." ((Affirmative Defenses, p. 10 ¶ 15). Here, Elliott has admittedly not done any investigation into the law and facts supporting its "Affirmative Defenses", (Affirmative Defenses, pp. 10-11 ¶ 17), and therefore it does not even know why it is asserting these alleged "Affirmative Defenses." Therefore, Elliott's fifth, ninth, fourteenth and fifteenth "Affirmative Defenses" should be struck.

**"Affirmative Defense" No. 6**

"Affirmative Defense" number 6 states, "Plaintiff lacks standing to bring the claim stated in the Complaint." (Affirmative Defenses, p. 10 ¶ 6). Count I of Plaintiff's Complaint under 15 U.S.C. § 1692e and its subsections prohibit a debt collector from engaging in "conduct" towards

9

*any person* towards in an attempt to collect a debt.  15 U.S.C. § 1692e (emphasis added).  Elliott's "Affirmative Defense" that Plaintiff lacks standing is patently frivolous in light of the Sixth Circuit's holdings directly on point.  The Sixth Circuit has held that a plaintiff even if that plaintiff was not a "consumer" would still have standing to pursue a claim under the FDCPA § 1692e.  *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003)  ("Defendants are mistaken to suggest that [the plaintiff who was not a consumer] lacks standing to pursue his claims under §§ 1692d and 1692e"); *Wright v. Finance Serv.*, 22 F.3d 647, 649 (6th Cir. 1993) ("Unlike other sections of the act where relief is limited to 'consumers', *under § 1692e a debt collection practice need not offend the alleged debtor before there is a violation of the provision*") (emphasis in original).  As such, Elliott's sixth "Affirmative Defense" is frivolous.

Under Plaintiff's Count II, state law claim and state law claim in the alternative, both M.C.L. § 339.916(1) and M.C.L. § 445.257(1) provide, "*A person* who suffers injury, loss, or damage or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief."  M.C.L. § 339.916(1) (emphasis added); M.C.L. § 445.257(1) (same).  Just as 15 U.S.C. § 1692e permits any person to have standing to bring a claim to redress a wrong committed by the debt collector, so does Michigan's similar state law.  As such, Elliot's sixth "Affirmative Defense" as to Plaintiff's state law claims should be stricken.

**"Affirmative Defense" No. 7**

Elliott's seventh "Affirmative Defense" states, "Plaintiff's claims against Defendant have been brought in bad faith and for the sole purpose of harassing Defendant."  (Affirmative Defenses, p. 10 ¶ 7).  This "Affirmative Defense" recites a potential "remedy" available to a debt collector under to 15 U.S.C. § 1692k(a)(3).  However, such a "remedy" under §1692k(a)(3) is not an affirmative defense.  *Crow v. Wolpoff & Abramson*, CIVIL NO. 06-3228 (PAM/JSM), 2007 U.S. Dist. LEXIS 31356 * 10, 10 n. 2 (D. Minn. Apr. 19, 2007) (holding that 15 U.S.C. § 1692k(a)(3) as an

affirmative defense is "insufficient as a matter or law"). Therefore, Elliott's seventh "Affirmative Defense" should be struck.

**"Affirmative Defense" No. 8**

Elliott's eighth "Affirmative Defense" states, "Pursuant to applicable law, including but not limited to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error." Again, Plaintiff's Complaint under the FDCPA is solely based upon the letter attached to the Complaint as Exhibit 1. The Sixth Circuit has stated that the *bona fide* error defense is only applicable to "clerical errors." *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992) (citations omitted). Intentional statements made by a debt collector are not protected by the *bona fide* error defense. *Dunaway v. JBC & Associates, Inc.*, Case No. 03-73597, 2005 WL 1529574 * 6 (E.D. Mich. Jun 20, 2005). The content of Elliott's letter is an intentional statement made by Elliott to Plaintiff. Therefore, Elliott's purposeful statements to Plaintiff within Exhibit 1 attached to the Complaint are not protected by the *bona fide* error defense as a matter of law and its eighth "Affirmative Defense" should be struck.

**"Affirmative Defense" No. 10 – The Kitchen Sink**

Elliott's tenth "Affirmative Defenses" throws in the kitchen sink stating, "Defendant further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b)." (Affirmative Defenses, p. 10 ¶ 10). Even though Elliott has admittedly not done any research into the facts of this matter it is claiming that Plaintiff's claim is barred by all of the Rule 8(c) affirmative defenses. Surely, for example, Elliott would know if Plaintiff had engaged in "duress" forcing it to send him the subject collection letter.

Furthermore, Rule 12(b) does not provide affirmative defenses rather it is a basis for dismissal of a claim. FED. R. CIV. P. 12(b)(1)-(7). As such, Elliott's kitchen sink tenth "Affirmative

11

Defenses" violates Rule 11's reasonable investigation provision, is frivolous, plead in bad faith, and therefore should be struck.

**"Affirmative Defense" No. 11**

Elliott's eleventh "Affirmative Defense" states, "Plaintiff has suffered no damages as a result of any acts or omissions of Defendant." Elliott admits to sending Plaintiff the subject letter. (Dkt. 3, Answer, p. 3 ¶ 11). Plaintiff's Complaint clearly indicates that he is seeking statutory damages that are expressly available under the FDCPA. 15 U.S.C. § 1692k(a)(2)(A) ("in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000). Likewise, Plaintiff is seeking statutory damages provided under Michigan law. M.C.L. §§ 339.916(2), 445.257(2) ("if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action"). Therefore, Elliott's eleventh "Affirmative Defense" should be struck.

**"Affirmative Defense" No. 12**

Elliott's twelfth "Affirmative Defense" states, "Plaintiff's claims are barred by the Doctrine of Unclean Hands." (Affirmative Defenses, p. 10 ¶ 12). This Court has stated that, "The doctrine of unclean hands is based on the principle that 'since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff.'" *Great Lakes Consortium v. Michigan*, File No. 5:06-CV-187, 2006 U.S. Dist. LEXIS 93942 * 8 (W.D. Mich. Dec. 29, 2006) (Bell, J.) (*quoting Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC*, 149 F.3d 85, 90 (2d Cir. 1998)). Likewise, the fundamental rule about the doctrine of unclean hands is that the party is seeking equitable relief. *ANR Pipeline Co. v. 60 Acres of Land, more or less, in Lake County, Michigan,* 418 F.

12

Supp. 2d 933, 946 (W.D. Mich. 2006) (Bell, J.) (*citing Stachnik v. Winkel*, 394 Mich. 375, 382, 230 N.W. 2d 529 (1975)). Here, Plaintiff has not alleged any claim in equity.

Elliott's "Affirmative Defense" of the doctrine of unclean hands being an "Affirmative Defense" is frivolous in light that it is Elliott's conduct of sending Plaintiff the letter attached to the Complaint as Exhibit 1 is the sole basis for the Complaint. *See Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (The FDCPA's "language focuses primarily, if not exclusively, on the conduct of debt collectors, not debtors"). Another court has explicitly found the debt collector's assertion of "unclean hands" as an affirmative defense as being "frivolous." *In re Curtis*, 322 B.R. 470, 476, 476 n. 8 (Bankr. D. Mass. 2005) (the court described the debt collector's, "affirmative defenses including expiration of statutes of limitation, laches, estoppel, waiver, unclean hands and the Plaintiff Debtor's lack of standing" as "Defendants' frivolous defenses"). As such, Elliott's twelfth "Affirmative Defense" should be struck.

**"Affirmative Defense" No. 13**

Elliott's thirteenth "Affirmative Defense" states, "Plaintiff's (sic) and/or their (sic) agents have engaged in the unauthorized practice of law." (Affirmative Defenses, p. 10 ¶ 13). Plaintiff's attorney representing him in this matter, Curtis C. Warner, is licensed in Michigan and is in good standing. *see www.michbar.org/memberdirectory/*. Plaintiff's attorney was admitted to practice before this Court on June 23, 2003. As such, Elliott's allegation of the "unauthorized practice of law" is outrageous and harassing and therefore should be struck.

**"Affirmative Defense" No. 16**

Elliott's sixteenth "Affirmative Defense" states, "Venue is improper." Even though Elliott in bad faith answered that it "lacks sufficient knowledge or information" as to sending its collection letter into this District, (Dkt. 3, Def. Answer, p. 2 ¶ 6), Elliott in fact knows or had a basis

13

to believe that Plaintiff lives in Caledonia, Michigan at the time the subject letter was sent to Plaintiff, as it sent it to his address there.

It is clear that in an FDCPA matter venue is proper where the plaintiff resides. *Richard v. Oak Tree Group, Inc.*, Case No. 1:06-cv-362, 2007 U.S. Dist. LEXIS 31201 * 13 (W.D. Mich. Apr. 27, 2007) (citations omitted). In any event, venue is not a recognized "Affirmative Defense" under Rule 8(c) and if Elliott wanted to frivolously challenge venue it could have filed a bad faith Rule 12(b)(3) motion. As such, Elliott's sixteenth "Affirmative Defense" is without merit.

**"Affirmative Defenses" No. 17 and 18**

Elliott's seventeenth and eighteenth "Affirmative Defenses", placing the Court on notice that Elliott did not conduct any investigation in to the allegations alleged in the Complaint and reserving its "right to amend" its affirmative defenses. These "Affirmative Defenses" are not affirmative defenses under Rule 8(c) or case law interpreting the Rule and therefore they should be struck.

### CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff requests this Honorable Court to strike Elliott's "Affirmative Defenses" and for any other relief this Court deems just and proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

## **CERTIFICATE OF SERVICE**

I, Curtis C. Warner, certify that on September 7, 2007, I caused to be filed Plaintiff's Motion to Strike Defendant's "Affirmative Defenses" and Memorandum in support thereof electronically using the Court's CM/ECF system, which will automatically send notice to those parties who have appeared and are so registered.

Mary Jane M. Elliott (P32732) mje@mjelliott.com
Daniel Manion (P49904) dan@mjelliott.com
Mary Jane M. Elliott, P.C.
24300 Karim Blvd.
Novi, Michigan 48375

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com