# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

FRANK GLOVER

     Plaintiff,

                                     Case No. 1:07- cv-648
                                     Hon: Judge Robert Holmes Bell

vs

MARY JANE M. ELLIOTT P.C.

     Defendants

                                                              /

| | |
|---|---|
| WARNER LAW FIRM LLC | MARY JANE M. ELLIOTT PC |
| Curtis C. Warner P59915 | Mary Jane M. Elliott P32732 |
| Attorney for Plaintiffs | Attorneys for Defendant |
| 151 N. Michigan Ave. 37th Floor -3714 | 24300 Karim Blvd. |
| Chicago, IL 60601 | Novi, MI 48375 |
| 312-238-9820 | 248-306-2000 |

                                                              /

## DEFENDANT MARY JANE M. ELLIOTT PC'S RESPONSE
## TO PLAINTIFF'S MOTION TO STRIKE UNDER RULE 12(f)

     NOW COMES Defendant Mary Jane M. Elliott PC and for it's Response to Plaintiff's Motion

to Strike, states as follows:

     1. No response is required of Defendant to this paragraph as it simple restates the Court Rule.

     2. Defendant denies the allegation contained in paragraph 2 because it is untrue and incorrect

as more fully set forth in the attached Brief in Support of Response to Plaintiff's Motion.

3.  Defendant denies the allegation contained in paragraph 3 because it is untrue and incorrect as more fully set forth in the attached Brief in Support of Response to Plaintiff's Motion.

4.  Defendant denies the allegations contained in paragraph 4.  For reasons for fully set forth in the attached Brief, Defendant denies that striking any pleading of Defendant is proper or warranted under the applicable Court Rules or case law.

5.  Defendant admits filing it's proper and timely Answer to Complaint in this matter.  For reasons for fully set forth in the attached Brief, Defendant denies that striking any pleading of Defendant is proper or warranted under the applicable Court Rules or case law.

6.  Defendant admits that Plaintiff has attached a memorandum.  For reasons for fully set forth in the attached Brief, Defendant denies that striking any pleading of Defendant is proper or warranted under the applicable Court Rules or case law.

WHEREFORE, Defendant Mary Jane M. Elliott PC respectfully requests that this Honorable Court dismiss the Motion, and award costs and attorneys fees so wrongfully incurred in defense of this frivolous action.

Respectfully submitted,

s/Daniel Manion_____
Mary Jane M. Elliott PC
Daniel Manion P49904
24300 Karim Blvd.
Novi, MI 48375
(248) 306-2000

Dated: September 21, 2007

-2-

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

FRANK GLOVER

     Plaintiff,

                                 Case No. 1:07- cv-648
                                 Hon: Judge Robert Holmes Bell

vs

MARY JANE M. ELLIOTT P.C.

     Defendants

_____/

| WARNER LAW FIRM LLC | MARY JANE M. ELLIOTT PC |
|---|---|
| Curtis C. Warner P59915 | Mary Jane M. Elliott P32732 |
| Attorney for Plaintiffs | Attorneys for Defendant |
| 151 N. Michigan Ave. 37th Floor -3714 | 24300 Karim Blvd. |
| Chicago, IL 60601 | Novi, MI 48375 |
| 312-238-9820 | 248-306-2000 |

_____/

### DEFENDANT MARY JANE M. ELLIOTT PC'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO STRIKE UNDER RULE 12(f)

NOW COMES Defendant Mary Jane M. Elliott PC and for it's Brief in Support of Response to Plaintiff's Motion to Strike, states as follows:

### FACTS

The Plaintiff has filed his claim under the Fair Debt Collection Practices Act (hereinafter "FDCPA") alleging that the "OFFER TO SETTLE" letter (attached hereto as Exhibit #1) is false and misleading and threatens legal action that cannot be taken - thereby violating various subsections of 15

USC §1692e and Michigan statutory provisions.   Defendant has filed a substantive Answer to

Complaint under the liberalized pleadings standards in the federal system.   Defendant's pleading

comports with Rule 8(b) which requires the responding party to state the party's defenses to each claim

asserted.   Further, Defendant's pleading comports with the requirements and the spirit of the Federal

Rules, including Rule 8(c) which requires a party to set forth,  affirmatively, any matter constituting an

avoidance or affirmative defense.   As discussed below,  Defendant's Answer and Affirmative

Defenses articulate actionable defenses to the claims contained in the Complaint of the Plaintiffs, and

Plaintiff's attempt to have the defenses "stricken" without proper authority for the proposition, is

frivolous and dismissal of the motion is warranted.

<div align="center">

**ANALYSIS/LEGAL ARGUMENT**

</div>

**1.  Motion to Strike Standard**

        In general, the Motion to Strike is disfavored.   Typically such motions are only granted when

the allegations attacked have no possible relation to the controversy.   *Skolknick v Hallett*, 350 F2d

861 (7th Circ. 1965).   Such a motion should be considered carefully and not freely granted.   *Kelley v*

*Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (1989).   It is a drastic remedy to be resorted to only

when required for the purposes of justice.   *Brown & Williamson Tobacco Corp. v United States*,

201 F.2d 819, 822 (1953).   Partly because of the practical difficulty of deciding cases without a

<div align="center">

-4-

</div>

factual record it is well established that the action of striking a pleading should be sparingly used by the

Courts. *Id.*  In this matter, there has been no factual record established whatsoever.  Plaintiff's Motion

is requiring the Court to decide factual issues on the merits of various defenses without any factual

record.

## 2.   Defendant has Properly Pled Defenses

Defendant's pleadings relate to the controversy.  First, numerous affirmative defenses raised by

Defendant are required to be raised in a responsive pleading pursuant to Rule 8(c).  (*See* Defendant's

Affirmative Defenses, #2, 4, 5, 10).  Plaintiff now demands that the Court strike these pleadings

pursuant to Rule 12(f) as being insufficient as a matter of law *without any factual record* - other than

those facts offered by Plaintiff's counsel.

For example, regarding Affirmative Defense #5, waiver, Plaintiff argues that the defense should

be struck because Defendant hasn't done any investigation into the law and facts supporting its

affirmative defenses.  (*See* Plaintiff's Motion, p. 6-9.).  Plaintiff further believes that affirmative defenses

#9, 14 and 15 ( limitations, res judicata, any estoppel issues) should also be struck based on this

reasoning. Plaintiff offers no supporting authority for this proposition and it is not a proper reason for

striking defenses of a party.  The point and purpose of Rule 8(c) is to provide notice of any "matter

constituting an avoidance or affirmative defense".

A party is required to file responsive pleadings within 20 days of service of the Complaint.

Apparently, Plaintiff's faulty logic is that a responding party must have it's case "trial-ready" within

those 20 days.  While Defendant's initial analysis of the case is that it will be decided summarily as a

matter of law, a right to factual development should remain before such drastic remedy of striking pleadings.

Likewise, Plaintiff requires that this Honorable Court rely on ***his facts*** to argue that other affirmative defenses are insufficient.  For example, Defendant has plead the affirmative defenses of lack of standing and bona fide error per 15 USC 1692k(c).  (*See* Defendant's Affirmative Defense #6 and 8).  In both cases, Plaintiff demands that the defenses be struck based on his unilaterally developed facts.  Plaintiff reasons that "lack of standing" could never possibly be an issue in this case because the Court has held a Plaintiff that is not a consumer still has standing.  For this, Plaintiff relies on *Montgomery v Huntington Bank*, 346 F.3d 693 (2003).  A simple reading of *Montgomery* shows that the Court was addressing one facet of the issue of standing.  In *Montgomery*, an individual who possessed an automobile (Montgomery) but did not enter into the loan agreement for the purchase of the vehicle sought relief under the FDCPA.  The Court held that the relevant FDCPA section applied to "any person" who was abused in connection with debt collection.  The Court further held that, even if Plaintiff were not a consumer, he would still have to be found to be "an aggrieved party" under the FDCPA section. There is no discussion of the striking of pleadings and or the availability of the affirmative defense to parties - or any of the facts germane to the communication in this matter.

Plaintiff has alleged violations of 15 USC §1692.  Plaintiff argues that both defenses are not valid issues because he says they are not.  In fact, it is unknown absent factual development whether there remains factual scenarios regarding these defenses. Plaintiff simply presents his facts as the only

-6-

possible facts in summary fashion.

Plaintiff further demands that the Court strike affirmative defenses #16 venue and #13 practice

of law based on Plaintiff's facts. According to Plaintiff, these issues could not be resolved without

Court action. However, Plaintiff has failed to comply with LR 7.1 because Plaintiff's counsel has

refused to discuss the case in anything other than an argumentative fashion - including simply demanding

concurrence under threat of motion - well outside the spirit and letter of LR 7.1 - which requires that

the movant use "reasonable efforts" and "explain the nature of the motion and its legal basis". See LR

7.1(a)(1) and (2).

More troubling, Plaintiff demands that the Court strike several of Defendant's Affirmative

Defenses for reason that Defendant has "admittedly failed to conduct any investigation into the truth of

the facts alleged in the Complaint or affirmative defenses." (See Plaintiff's Motion, pages #1, 4, 6, 9,

11, 12). Plaintiff's statement is a dangerous misquote and borders on misleading the Court. For the

proposition that Defendant has "admitted" not investigating this matter, Plaintiff cites paragraph 17 of

Defendant's Affirmative Defenses which states:

> "DEFENDANT HEREBY GIVES NOTICE TO PLAINTIFF THAT IT LACKS SUFFICIENT KNOWLEDGE OR
> INFORMATION TO FORM A BELIEF AS TO THE TRUTH OR FALSITY OF CERTAIN OF THE
> ALLEGATIONS CONTAINED IN THE COMPLAINT. UNTIL DEFENDANT AVAILS ITSELF OF THE
> RIGHT OF DISCOVERY, THEY CANNOT DETERMINE WHETHER THE ABOVE STATED AFFIRMATIVE
> DEFENSES, OR OTHERS, WILL BE ASSERTED AT TRIAL. THESE DEFENSES, HOWEVER, ARE
> ASSERTED IN THEIR ANSWER AND AFFIRMATIVE DEFENSES IN ORDER TO PRESERVE
> DEFENDANTS RIGHT TO ASSET THE AFFIRMATIVE DEFENSES AT TRIAL AND TO GIVE PLAINTIFF
> NOTICE OF DEFENDANTS INTENTION TO ASSERT THOSE DEFENSES AND TO AVOID WAIVER OF
> ANY DEFENSE."

Clearly, Rule 8 allows a responding party to place its adversary on notice that it "lacks knowledge or

information" sufficient to form a belief. *See* Rule 8(b). For Plaintiff to *repeatedly* inform the Court that

Defendant has admitted to Plaintiff that it has not investigated the matter in violation of Rule 11 based

on the foregoing is troublesome, indeed.  Defendant leaves the Court to it's discretion on this issue.

Regardless, lacking sufficient information it is not grounds to strike a party's pleadings as contended by

Plaintiff.

In fact, Defendant has fully and completely complied with all Rules regarding pleading, and has

provided affirmative defense 17 in the spirit of Rule 8(c) which requires that a party divulge all matters

constituting a possible avoidance - Plaintiff's demand that it be struck should not be resorted to because

is not "required for the purposes of justice".  *See* Brown & Williamson v United States.

Likewise, justice does not require that affirmative defense #1, #7 and #18 be struck.  In fact,

Plaintiff's demand regarding these paragraphs is superfluous and frivolous.  The case is in the initial

stages. Defendant has simply given notice to Plaintiff of the possibility of amendment during the ongoing

litigation, nature of the claim, and/or of the possibility of seeking relief under Rule 12(b).  Plaintiff's

motion demanding that these simple "notice" defenses be struck will not serve any purpose in advancing

the matter, and certainly do not rise to the level of requiring a "drastic remedy to be resorted to only

when required for the purposes of justice".   The defenses will be undoubtedly be resolved long before

trial.

Plaintiff has alleged violation of state laws and therefore several affirmative defenses have

relevance beyond the FDCPA.  For example, Plaintiff demands that the Court strike Defendant's

Affirmative Defense #11 and #3 regarding mitigation and the fact that Plaintiff has not suffered any

damages as a result of acts or admissions of the Defendant.   Damages and mitigation are viable

defenses which may be relevant and utilized after a sufficient factual development under the Court

Rules.

-8-

WHEREFORE, Defendant Mary Jane M. Elliott PC respectfully requests that this Honorable

Court dismiss the Motion, and award costs and attorneys fees so wrongfully incurred in defense of this

frivolous motion.

<div style="margin-left: 50%;">

Respectfully submitted,
s/Daniel Manion_____
Mary Jane M. Elliott PC
Daniel Manion P49904
24300 Karim Blvd.
Novi, MI 48375
(248) 306-2000

</div>

Dated: September 21, 2007

# EXHIBIT

# 1

# MARY JANE M. ELLIOTT P.C.

**Attorneys & Counselors**
24300 Karim Blvd., Novi MI 48375

**STATEMENT DATE: March 15, 2007**

**OFFER TO SETTLE**

CREDITOR: GE MONEY BANK
ORIGINAL VENDOR: JC PENNEY
ACCOUNT No. 546680100
OUR FILE No. N7103922

**ADDRESSEE**

FRANK GLOVER

**MAKE CHECKS PAYABLE AND MAIL TO:**

Mary Jane M. Elliott P.C.
24300 Karim Blvd
Novi MI 48375

Telephone (248) 306-2000
Facsimile: (248) 306-2014
Hours: 8 A.M. - 8 P.M. MON - THURS,
8 A.M. - 5 PM FRIDAY
8 A.M. - 12 P.M. SATURDAY

# ***25% OFF***
# YOUR OUTSTANDING GE MONEY BANK BALANCE

**TO ACCEPT THIS OFFER YOU MUST CALL THIS OFFICE WITHIN 21 DAYS OF THE DATE OF THIS LETTER TO OBTAIN A SETTLEMENT AMOUNT.**

Upon receipt of your timely settlement, in the form of money order, cashier check or certified funds, or after 20 days from receipt of personal check, we will do the following:

1. **Advise our client that we have received the settlement so that they can update their reports (if any) to the credit reporting agencies to indicate that the debt is settled in full.**
2. **Send you a settled in full letter for your file.**
3. **If suit has been filed against you but no judgment filed, we will dismiss the lawsuit.**
4. **If judgment has been entered, we will prepare and file a Satisfaction of Judgment and send you a court stamped copy for your**

Please be advised that this settlement offer is not intended as a stay of current legal activity. If you wish to set up partial payment arrangements on your account, please contact this office immediately.

If at any time this office receives funds held under the state income tax credit/refund for the current year, that also will be considered as payment in addition to the settlement payment. Please contact this office without delay if you have any questions concerning offer. If we do not receive your settlement amount by the acceptance date, this offer is revoked.

Sincerely,
Mary Jane M. Elliott

*MoneyGram*
WESTERN UNION

THIS IS AN ATTEMPT TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE