UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| FRANK GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-648 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MARY JANE M. ELLIOTT, P.C., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

This is a civil action alleging unlawful credit and collection practices.  Plaintiff's two-count complaint asserts claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and pendent claims under Michigan statutory law governing debt collection practices, MICH. COMP. LAWS §§ 445.252 (Collection Practices Act) and 339.915 (Occupational Code).  Plaintiff's complaint arises from a form collection letter sent by defendant, an attorney, dated March 15, 2007.  (docket # 1, Ex. 1).  Among other alleged violations of federal and state statute, plaintiff alleges that defendant's collection letter falsely implies that legal action has begun and contains deceptive and misleading statements concerning the amount of the alleged debt.  Defendant has filed an answer to the complaint containing eighteen separate affirmative defenses.

Presently pending before the court is plaintiff's motion under Rules 11 and 12(f) of the Federal Rules of Civil Procedure to strike defendant's affirmative defenses.  (docket # 4)  Chief Judge Robert Holmes Bell has referred the motion to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  Because the motion to strike raises only legal issues,  the

court determined that oral argument would not be helpful.  *See* W.D. MICH. LCivR 7.3(d).  For the reasons set forth below, the motion to strike will be granted in part and denied in part.

## Discussion

In his brief in support of the motion to strike, plaintiff appears to rely on two separate grounds for his motion.  First, plaintiff asserts that defendant's answer was filed in violation of Rule 11 of the Federal Rules of Civil Procedure, because defendant allegedly asserted defenses without the requisite investigation.  The court dismisses out of hand plaintiff's reliance on Rule 11 as authority for striking any affirmative defense.  The text of Rule 11 expressly requires a party moving for sanctions to serve the proposed motion at least 21 days before filing, to give the opposing party an opportunity to withdraw the challenged claim or defense before the filing of the motion.  FED. R. CIV. P. 11(c)(1)(A).  Plaintiff has admittedly not complied with this "safe harbor" provision of Rule 11.  By the plain language of Rule 11, as well as governing Sixth Circuit authority, the grant of any relief under Rule 11 would be error.  *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (6th Cir. 2004); *Ridder v. City of Springfield*, 109 F.3d 288, 296-97 (6th Cir. 1997). Furthermore, the rule requires that sanctions be limited to that which is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.  At this early stage of the case, plaintiff has not even attempted to demonstrate that the striking of pleadings fits within the contemplation of the rule.  Consequently, plaintiff's reliance on Rule 11 as a basis for striking defenses in this case is meritless.

Rule 12(f) grants the district court express textual authority to strike portions of pleadings.  The rule is aimed at two very different problems.  First, the rule empowers the court to

strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading.  This provision applies to any pleading and is applied sparingly, lest the court become embroiled in time-consuming and wasteful arguments about the words chosen by lawyers in presenting claims and defenses.  *See, e.g., Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002).

The other purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense.  The motion to strike should be granted only if the insufficiency of the defense is clearly apparent.  *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986).  Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law.  *See EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).  "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense."  *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989).  Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests.  *See Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004).

Defendant's answer in the present case appears especially vulnerable to a motion to strike.  In a simple lawsuit involving a single collection letter, defendant has alleged eighteen separate affirmative defenses.  This method of pleading everything, "including the kitchen sink," displays a lack of care, deliberation, and professionalism on the part of counsel engaging in such conduct.  Indeed, one of the alleged affirmative defenses (defense 10) purports to incorporate by

reference all of the defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure. No attorney could possibly believe that every defense recognized by the federal rules is even remotely applicable in a case of this simplicity. Such a lack of thought and self-discipline, whether displayed by plaintiff's or defendant's counsel, fairly invites reaction by the court, which is interested in the fair and efficient resolution of cases on the merits.

Defense counsel's extravagance has put plaintiff's counsel, and now the court, to the burden of scrutinizing each of the affirmative defenses to determine whether they are subject to a motion to strike under Rule 12(f) under the standards set forth above. The court therefore examines each affirmative defense in turn.

First Defense. Defendant asserts that the complaint fails to state a claim upon which relief can be granted. Rule 12 allows this defense to be raised in an answer, FED. R. CIV. P. 12(b), and further provides that this defense is essentially never waived, as it may be asserted as late as trial, FED. R. CIV. P. 12(h). As the question whether a complaint states a claim upon which relief can be granted is always a potential issue in any case, the first defense cannot be stricken as insufficient.

Second Defense. Defendant asserts that plaintiff's claims may be barred in whole or in part by the statute of limitations. In response, plaintiff aptly points out that the statute of limitations under the federal Fair Debt Collection Practices Act expires one year after the date on which the violation occurs. 15 U.S.C. § 1692k(d). Plaintiff's claim arises from a letter dated March 15, 2007, and the complaint was filed only four months later, in July 2007. In response to this argument, defendant has advanced no legal or factual basis upon which the court could conclude that the complaint was untimely under the one-year statute. With regard to the pendent state-law claims,

plaintiff has not even pointed to a state limitations period that could conceivably bar a claim filed only four months after accrual.  Obviously, defendant has engaged in "boilerplate" pleading, asserting defenses with no conceivable basis in law or fact.  Defendant argues only that this defense, along with others, raises "questions of fact," without ever informing the court what those questions might be.  When faced with a motion to strike a limitations defense, the defendant has the burden of at least identifying the appropriate limitations period and raising some plausible reason why it has expired.  Defendant has not even tried to do so.  The second defense will be stricken as insufficient.

Third Defense.  Defendant asserts that plaintiff has failed to mitigate his damages. Mitigation of damages is an affirmative defense, but the facts supporting the defense are generally within the control of plaintiff.  A defendant should therefore be given a reasonable opportunity to conduct discovery before being put to the task of supporting this defense with proof.  Furthermore, the two state statutes pleaded by plaintiff each allow an award of actual damages.  See MICH. COMP. LAWS §§ 339.916, 445.257.  Although failure to mitigate is not a defense to an award of statutory damages, it may be a defense to a claim for actual damages.  The third defense will therefore not be stricken, but its validity is reserved for summary judgment motion or trial.

Fourth Defense.  Defendant alleges "on information and belief," that plaintiff's claims may be barred by res judicata.  The answer does not identify any previous judgment that would have preclusive effect in this case.  Consequently, plaintiff has not been given fair notice of the basis for this defense.  A defendant alleging the preclusive effect of a prior judgment should, at the time of pleading, at least be in a position to identify the judgment.  This defense will therefore be stricken,

with leave to reassert the defense within five business days to identify the factual basis for the defense.  *See Qarbon.com*, 315 F. Supp. 2d at 1050.

Fifth Defense.  The fifth defense asserts that plaintiff is estopped to assert all claims against defendant and may have waived "all or some" of those claims.  Again, no factual basis is alleged for this affirmative defense and, given the nature of plaintiff's claims, it is hard to imagine such a basis.  This defense will again be stricken, with leave to amend if defendant can supply an appropriate factual basis.

Sixth Defense.  In the sixth affirmative defense, defendant asserts that plaintiff lacks standing.  Because of the case or controversy requirements of Article III of the Constitution, as well as the requirements of specific statutes, standing is a potential issue in any case.  The burden of establishing standing is always on the plaintiff.  *See Loren v. Blue Cross & Blue Shield of Mich.*, No. 06-2090, ___ F.3d ___, 2007 WL 2726704, at * 7 (6th Cir. Sept. 20, 2007).  Therefore, the sixth defense is not insufficient on its face.

Seventh Defense.  Defendant asserts that plaintiff's claims against defendant are brought "in bad faith" and solely for the purpose of harassing the defendant.  This is not an affirmative defense, but a finding that a plaintiff has brought a bad-faith claim can subject plaintiff to an award of attorney's fees.  15 U.S.C. § 1692k(a)(3).  Defendant's seventh defense may be seen as a notification to plaintiff of defendant's intent to do so, and therefore is properly alleged in the answer, even if not technically a defense.

-6-

Eighth Defense.  The eighth affirmative defense asserts *bona fide* error.  The Fair Debt Collection Practices Act establishes a special defense, called the "*bona fide* error defense," providing an exception to liability if the defendant can prove that (1) it acted unintentionally and (2) it had in place "procedures reasonably adapted to avoid" the error alleged.  15 U.S.C. § 1692k(c); *see Moya v. Hocking*, 10 F. Supp. 2d 847, 849 (W.D. Mich. 1998).  The eighth affirmative defense therefore alleges a valid defense, established by the statute itself.  Plaintiff's argument that the *bona fide* error defense must be limited to clerical errors alone is not meritorious.  Contrary to plaintiff's argument, the Sixth Circuit has never held that the *bona fide* error defense applies only to clerical errors.  The citation provided by plaintiff for this proposition, *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992), is to a *dissenting* opinion by Circuit Judge Krupansky.  Although Judge Krupansky would have so limited the defense, his position was not accepted by the majority. The majority merely noted that the conduct of the defendant in that case "was at most a clerical error," but the court did not purport to limit the effect of the defense to clerical errors alone.  953 F.2d at 1031.  Consequently, the *bona fide* error defense is properly alleged in this case and a determination of its viability must await summary judgment or trial.

Ninth Defense.  In its ninth defense, defendant asserts that any loss or damage suffered by plaintiff was due to the affirmative act or omission of plaintiff or other people.  This is not a defense.  Defendant is only responsible for its own acts or omissions.  It is not necessary for it to assert plaintiff's own fault, an allegation that may be appropriate in a state tort case but has no bearing on the present case.  The ninth defense will therefore be stricken.

Tenth Defense.   As noted above, the tenth defense attempts to incorporate by reference all affirmative defenses recognized in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.  This is utter nonsense.  It is inconceivable that every defense known to the law could be applicable to a case of this simplicity.  The tenth defense does not given plaintiff fair notice of anything and will be stricken.

Eleventh Defense.  Defendant asserts that plaintiff has suffered no damages as a result of any act or omission of defendant.  This is not an affirmative defense.  Plaintiff has the burden of demonstrating that he is entitled to whatever damages the statutes allow.  The eleventh defense is a waste of ink and will be stricken.

Twelfth Defense.   Defendant raises the equitable defense of unclean hands.  The unclean hands defense will, in certain circumstances, provide a defense to claims for injunction or other equitable relief.  *See, e.g., Performance Unlimited, Inc. v. Questar Pub., Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995).   As plaintiff seeks no equitable relief, the unclean hands doctrine is inapplicable to this case and insufficient on its face.

Thirteenth Defense.  The thirteenth defense alleges verbatim: "Plaintiff's and/or their agents have engaged in the unauthorized practice of law."  Leaving grammatical errors aside, the court notes the utter futility of this so-called defense.  Although called upon to do so by the motion to strike, defendant has not attempted to justify its accusation that plaintiff has engaged in the unauthorized practice of law.  If the accusation is aimed at plaintiff's counsel, it appears completely

frivolous, as counsel has been admitted to the bar of this court.  This nonsensical defense will be stricken.

Fourteenth Defense.  In five words, defendant asserts the right of setoff, but does not identify any debt or claim owing to defendant that would give rise to such a right.  Again, this is boilerplate pleading that the court will not tolerate.  The defense will be stricken.

Fifteenth Defense.  Defendant asserts that plaintiff's claims are barred "due to impossibility."  The doctrine of impossibility may have some relevance to a contract claim or an action under Article II of the UCC.  It is hard to conceive of a more ridiculous defense to an action under the Fair Debt Collection Practices Act.

Sixteenth Defense.  Defendant asserts that venue is improper.  In a federal question case, venue is proper in the district, among others, in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  Plaintiff alleges that defendant sent the offending letter to his residence in Kent County, which is located within the Western District of Michigan.  Plaintiff has presented the court with no facts that would indicate venue is improper. The sixteenth defense will therefore be stricken.

Seventeenth and Eighteenth Defenses.  The seventeenth and eighteenth defenses broadly assert defendant's "right" to amend their affirmative defenses and to assert other defenses at any time, including at trial.  These exercises in throat-clearing add nothing to the answer. Defendant's ability to amend her answer is presently governed by Rule 15; after entry of a case management order, Rules 15 and 16(b) will be applied.  Nothing that defendant says or does not say

in her answer can create or diminish her "rights" in this regard.  These affirmative defenses will therefore be stricken.

Every attorney admitted to practice in this state takes an oath promising, among other things, not to counsel or maintain "any defense except such as I believe to be honestly debatable under the law of the land."  Rule 15, § 3(1) of the Supreme Court Rules Concerning the State Bar of Michigan.  The assertion of every conceivable affirmative defense falls far outside this solemn obligation.  If the answer in the present case represents defense  counsel's usual approach to civil litigation, he should reform his practices immediately.  Certainly, if counsel should ever file another set of omnibus affirmative defenses in this court, he will be subject to the imposition of sanctions under Rule 11, on the court's own motion.

For the foregoing reasons, defenses 2, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 will be stricken, defenses 4 and 5 will be stricken with leave to amend, and the remainder of plaintiff's motion will be denied.


Dated:   October 2, 2007                    /s/  Joseph G. Scoville
                                            United States Magistrate Judge