UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK GLOVER,

        Plaintiff,

                                    File No.  1:07-CV-648

v.

                                      HON. ROBERT HOLMES BELL

MARY JANE M. ELLIOTT, P.C.,

        Defendant.

_____/

**O P I N I O N**

       This civil action alleging unlawful credit and collection practices is before the Court

on Defendant's motion to dismiss and/or for summary judgment.  The motion will be granted

for the reasons that follow.

**I.**

       Plaintiff Frank Glover alleges that on or about March 15, 2007, Defendant Mary Jane

M. Elliott, P.C. sent him a document entitled "Offer to Settle," a copy of which is attached

to Plaintiff's complaint. (Dkt. No. 1, Compl., Ex. 1.)  Plaintiff alleges that the letter violates

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§  1692-1692p, and state

law, because it fails to state the amount of the debt, falsely implies legal action has

commenced, threatens to take legal action that is not intended, and falsely indicates that it

it is from an attorney.

Defendant has moved for dismissal of Plaintiff's complaint for failure to state a claim on which relief can be granted and for summary judgment pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.  Defendant has presented the affidavit of Mary Jane M. Elliott in support of its motion.  (Dkt. No. 7, Def.'s Br. in Supp. of Mot. for Summ. J., Ex. A, Elliott Aff.)  In response to the motion, Plaintiff has presented his own declaration and additional documents that are not part of the pleadings.  (Dkt. No. 10, Pl. Mem. in Opp'n,  Ex. 3, Glover Decl., & Ex. 4, 5.)  Because neither party has objected to the presentation of matters outside the pleadings and because both parties have had a reasonable opportunity to present evidence that would be pertinent to a motion for summary judgment, the Court will treat Defendant's motion as one for summary judgment and dispose of it as provided in Rule 56.  *See* Fed. R. Civ. P. 12(d).

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If Defendant carries its burden of showing there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

There is no dispute as to the relevant facts of this case.  Plaintiff incurred a debt on a JC Penney charge card that he used for personal purposes.  (Glover Decl. ¶ 5.)  The JC

Penney card was issued by GE Money Bank.  (Elliott Aff. ¶ 4(E); Compl., Ex. 1).

Defendant is a law firm that represents clients in collection matters.  (Elliott Aff. ¶ 5.)

Plaintiff's credit card debt was in default at the time it was placed with Defendant for

collection.  (Elliott Aff. ¶ 4(E).)  In February 2007, Plaintiff received a collection letter from

Defendant entitled "Notice of Amount Due" which indicated that the amount due to GE

Money Bank on Plaintiff's JC Penney account was $2,364.35.  (Glover Decl. ¶ 2; Elliott Aff.

¶ 4(C).)  The collection letter was personally signed by Mary Jane M. Elliott.  (Pl. Mem. in

Opp'n, Ex. 4.)  Plaintiff has not alleged any FDCPA violation regarding the initial collection

letter.  In March 2007 Plaintiff received a second letter from Defendant entitled "Offer to

Settle."  The March 2007 Offer to Settle for less than the outstanding balance is the subject

of this suit.  (Glover Decl. ¶ 3.)

The Offer to Settle lists the creditor, original vendor, account number, and file

number.  It does not indicate the amount due.  It states in bold print:

> ***25% OFF***YOUR OUTSTANDING GE MONEY BANK BALANCE
> <u>TO ACCEPT THIS OFFER YOU MUST CALL THIS OFFICE WITHIN 21
> DAYS OF THE DATE OF THIS LETTER TO OBTAIN A SETTLEMENT
> AMOUNT</u>

(Compl., Ex. 1.)   The Offer to Settle provides that on receipt of a timely settlement,

Defendant will take certain action, including:

> 3.  If suit has been filed against you but no judgment filed, we will dismiss the
> lawsuit.
>
> 4.  If judgment has been entered, we will prepare and file a Satisfaction of
> Judgment and send you a court stamped copy for your file.

(*Id.*)  The Offer to Settle also states:

> Please be advised that this settlement offer is not intended as a stay of current
> legal activity. . . .  If at any time this office receives funds held under the state
> income tax credit/refund for the current year, that also will be considered as
> payment in addition to the settlement payment.

(*Id.*)

## II.

The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. The FDCPA also enumerates a non-exhaustive list of practices that are per se violations of § 1692e.  Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e, (2)(A), (3), (5) and (10) by sending the Offer to Settle.[1]

---

[1]The FDCPA provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt; or

. . .

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

. . .

In the Sixth Circuit the standard for reviewing communications subject to the FDCPA is whether the allegedly deceptive elements of the letter would deceive or mislead the "least sophisticated consumer." *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). "The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Id.* (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)). Although the least sophisticated consumer standard "protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3rd Cir. 2000) (quoting *Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir.1996)).

## A.  Failure to Include the Amount of the Debt

Plaintiff contends that because the Offer to Settle did not include the amount of the debt, it was false and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A). (Compl. ¶ 26.)

---

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Under the FDCPA a debt collector has an affirmative duty to truthfully disclose the amount of the debt in the initial communication with the consumer.   15 U.S.C. § 1692g(a)(1).   Plaintiff acknowledges that the amount of the debt was included in Defendant's first communication. Plaintiff contends that the debt collector has the same continuing duty to disclose the amount of the debt under 15 U.S.C. § 1692e(2)(A) when an amount of the debt is referenced in a subsequent communication.   Plaintiff has cited no authority in support of this contention and the Court is aware of none.   The only case the parties have cited that addresses this issue states in dicta that the information required by § 1692g does not have to be included in later communications if it was included in the initial letter to the debtor.  *Flores v. Millennium Interests, Ltd.*, 273 F. Supp. 2d 899, 900 (S.D Tex. 2003).

The inquiry into whether or not a communication is "false, deceptive, or misleading" in violation of § 1692e is similar to the inquiry into whether a communication is confusing in violation of § 1692g.  *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) (citing *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)). "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Id.* (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

Plaintiff contends that the omission of the amount of the debt in the Offer to Settle is confusing because "the four corners of the subject letter represent that the debt is 25% off of *nothing*."  (Pl. Mem. in Opp. 5 (emphasis in original).)  Contrary to Plaintiff's assertion,

the letter cannot reasonably be read to suggest that the debt is 25% off of "nothing."  There is nothing untruthful, deceptive, or even confusing about an offer to settle for 25% off of an undisclosed amount of a debt where the amount of the debt was disclosed in a prior communication, and where the recipient of the letter is directed to call Defendant to obtain a settlement amount.

Plaintiff contends that even though the original collection letter contained the amount of the debt, the initial collection letter indicated that the balance may accrue interest, so the consumer would not know the exact balance of the debt at the time of the Offer to Settle.

The Offer to Settle did not give the consumer all of the information that would be relevant to his decision on whether or not to accept the settlement offer.  Nevertheless, the lack of up-to-date information as to the full amount of the debt does not render the Offer to Settle confusing, deceptive, or misleading.  The failure of the Offer to Settle to disclose the amount of the debt does not amount to a false representation, nor does it render the Offer to Settle false, deceptive, or misleading.

**B.  Representations Regarding Legal Status of Debt**

Plaintiff contends that the Offer to Settle implies that a lawsuit has been initiated against Plaintiff when in fact, at the time Plaintiff received the Offer to Settle, he had not been sued by Defendant.  (Glover Decl. ¶ 4.)  The specific statements Plaintiff focuses on in support of this assertion are the following:  "If suit has been filed against you but no judgment filed, we will dismiss the lawsuit," and "If Judgment has been entered, we will prepare and file a Satisfaction of Judgment and send you a court stamped copy for you[r]

7

file."  (Compl. ¶ 23.)  Plaintiff contends that these false representations violate 15 U.S.C. § 1692e and 1692e(2)(A).

In order to find that the quoted statements imply that a suit has been filed, one would have to ignore the use of the conditional "if."  Even under the least sophisticated consumer standard the court may presume "a basic level of understanding and willingness to read with care."  *Wilson*, 225 F.3d at 354-55.  Even naive consumers understand the word "if."  The quoted statements indicate what the Defendant will do "if" suit has been filed or "if" judgment has been entered.  They do not imply that suit has been filed or that judgment has been entered.  These are not false representations, they are not coercive, and they do not render the Offer to Settle false, deceptive, or misleading.

## C.  State Tax Garnishment

Plaintiff  contends that the Offer to Settle falsely states that Defendant can obtain a state tax garnishment even if Plaintiff settles the debt, or that the letter is deceptive as to Defendant's ability to obtain a garnishment after a pre-suit settlement, in violation of 15 U.S.C. § 1692e and 1692e(5).

It is a violation of the FDCPA to threaten to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1692e(5).  The issue under subsection (5) issue is simply whether or not Defendant "intended to take the action threatened."  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

Plaintiff's claim under subsection (5) is based solely on the tax garnishment language in the Offer to Settle.  (Pl. Mem. in Opp. 14 n.3.)  The relevant tax garnishment language reads as follows:

> If at any time this office receives funds held under the state income tax credit/refund for the current year, that also will be considered as payment in addition to the settlement payment.

(Compl. Ex. 1.)

Plaintiff interprets this language as a threat to initiate garnishment proceedings after a settlement has been reached.  According to Plaintiff:

> Elliott . . . does not explain what legal or ethical basis permits it to proceed against a consumer if the consumer accepted Elliott's client's offer to settle. Whether or not Elliott was authorized by its client to file suit, as Elliott argues it was, is not a relevant basis to permit it to engage in future litigation after a matter has been settled.

(Pl. Mem. In Opp. 17).

Plaintiff's interpretation of the tax garnishment language is strained beyond recognition.  There is nothing in the language of the Offer to Settle that would remotely suggest an intent to undertake garnishment proceedings after settlement.   The language at issue cannot reasonably be interpreted as a threat to take action that cannot legally be taken or that is not intended to be taken.

**D.  Lack of Attorney Involvement**

Finally, Plaintiff contends that the Offer to Settle violates § 1692e(3) of the FDCPA because it does not bear the original signature of an attorney.  The FDCPA prohibits "[t]he

false representation or implication that any individual is an attorney or that any communication is from an attorney."  15 U.S.C. § 1692e(3).

The Offer to Settle is not signed.  It bears only the type-written name of Mary Jane M. Elliott.  (Compl. Ex. 1.)  Plaintiff contends that Defendant has admitted that Mary Jane M. Elliott is not an attorney, as evidenced by its denial of paragraph 16 of the complaint. Plaintiff contends that Defendant's denial cannot be cured by a later-filed self-serving affidavit.

Plaintiff alleged in paragraph 16 of his complaint that "The electronic signature on Exhibit 1 is believed to represent that the letter is sent from Mary Jane M. Elliott who is an attorney licensed in the State of Michigan.  (Compl. ¶ 16.)  Defendant answered that it "lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, which has the effect of a denial."  (Dkt. No.  3, Answer ¶ 16.)

It is not clear from Defendant's general denial what part of paragraph 16 Defendant was unable to admit.  The answer is ambiguous at best.  The Magistrate Judge has already taken Defendant to task for asserting "every conceivable affirmative defense."  (Dkt. No. 8, Mem. Op. 8.)  Defendant's "lack of knowledge" response to paragraph 16 of the complaint evidences a similar lack of effort at moving this case forward.  Nevertheless, Defendant's denial cannot be construed as a clear admission that Mary Jane M. Elliott is not an attorney.

Plaintiff also contends that because the Offer to Settle was not signed, there is no evidence that it was reviewed by an attorney just prior to being sent out.  Plaintiff has cited to cases from two circuits which have held that mass-produced debt collection letters bearing

10

the facsimile of an attorney's signature violated the proscriptions of the FDCPA.   *See Avila v. Rubin*, 84 F.3d 222, 228 (7th Cir. 1996); *Clomon v. Jackson*,  988 F.2d 1314, 1321 (2d Cir. 1993).  Both of the cases cited by Plaintiff involved the mailing of original collection letters under a facsimile signature where the attorney had no real involvement in reviewing the files of individual debtors before the letters were mailed out.  Neither case stands for the proposition that an attorney must personally review each and every settlement offer immediately before it is sent out.

In this case there is no real dispute that Mary Jane M. Elliott is an attorney who is licensed to practice in the State of Michigan.  The Offer to Settle appeared to have been sent by an attorney and was in fact sent by an attorney.  (Compl., Ex. 1; Elliott Aff. ¶ 4(D).) Mary Jane M. Elliott personally reviewed the Plaintiff's account prior to sending out the initial collection letter and she developed the Offer to Settle letter.  (Elliott Aff. ¶¶ 4(C), (D).)   Plaintiff has failed to demonstrate that the Offer to Settle contained a false representation that Mary Jane M. Elliott is an attorney or that it was sent from an attorney.


In sum, the Court concludes that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law on Plaintiff's FDCPA claim.

### III.

Count II of Plaintiff's complaint alleges violations of the Michigan Collection Practices Act, M.C.L. § 445.252, and the Michigan Occupational Code, M.C.L. § 339.915.

A district court may decline to exercise supplemental jurisdiction over a state law

claim if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Although the statute speaks in permissive rather than mandatory terms, as a rule of thumb, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996)).

In light of the entry of summary judgment on Plaintiff's federal claims at an early stage in the proceedings, the Court finds no good reason to exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law claims will accordingly be dismissed without prejudice.

An order and judgment consistent with this opinion will be entered.

Date:    December 21, 2007                    /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT JUDGE